```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION
```

```
TERRY L. BRYAN, II,                :
                                   :
     Plaintiff,                    :
                                   :
v.                                 :    CIVIL ACTION 08-0241-M
                                   :
MICHAEL J. ASTRUE,                 :
Commissioner of                    :
Social Security,                   :
                                   :
     Defendant.                    :
```

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 13). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 19).  Oral argument was waived in this action (Doc. 18).  Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** to the Social Security Administration for further proceedings not inconsistent with the Orders of this Court.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was thirty-seven years old, had completed a high school education (Tr. 240), and had previous work experience as a sandblaster and painter (Tr. 113). In claiming benefits, Plaintiff alleges disability due to degenerative disc disease, arthritis of the cervical spine, impingement of the right shoulder, arthritis of the left and right knee, and depression (Doc. 13 Fact Sheet).

The Plaintiff filed applications for disability insurance and SSI on September 7, 2004 (Tr. 64-68, 218-20). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although Bryan was unable to perform his past relevant work, he could perform specified light-work jobs (Tr. 12-28). Plaintiff requested review of the hearing decision (Tr. 11) by the Appeals Council, but it was denied (Tr. 5-8).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Bryan alleges that:  (1) The ALJ failed to properly consider the opinions and conclusions of his treating physician; (2) the ALJ erred in giving determinative weight to the opinion of a non-examining physician; (3) the ALJ did not properly consider his mental limitations; and (4) the ALJ posed an improper hypothetical question to the vocational expert (hereinafter *VE*) (Doc. 13). Defendant has responded to—and denies—these claims (Doc. 14). The relevant medical evidence of record follows.[1]

On December 9, 2004, Psychologist Damon Ann Robinson performed an evaluation in which she noted that Bryan's affect and mood were slightly dysphoric, though he was alert and fully oriented (Tr. 139-42).  Plaintiff's thoughts were logical and well-organized; judgment and insight were adequate.  Intellectual functioning was thought to be in the average range.  Robinson's diagnosis was major depressive disorder, single episode, and mild amphetamine abuse, in full remission; the Psychologist indicated that Bryan's prognosis was good.

On December 21, 2004, Psychologist Ellen N. Eno completed a Psychiatric Review Technique Form in which she indicated that

---

[1]The Court notes that there is evidence in the record which is not being summarized herein as the Court finds it unnecessary in light of the Court's determinations with regard to the evidence which is summarized.

Plaintiff suffered from major depression, an affective disorder, and amphetamine abuse which was in full remission (Tr. 143-56). Eno indicated that Bryan was mildly restricted in his activities of daily living and in maintaining social functioning, but was moderately limited in maintaining concentration, persistence, or pace (Tr. 153).  The Psychologist indicated that she reached her conclusions based on the reports of Psychologist Robinson and records from the Mobile Mental Health Center during a two-month period earlier that year.  Eno also completed a mental residual functional capacity assessment form in which she indicated that Bryan had moderate limitations in his ability to understand and remember and carry out detailed instructions and in the ability to maintain attention and concentration for extended periods; the Psychologist found that Plaintiff had no marked limitations (Tr. 157-60).

On June 20, 2005, a mental residual functional capacity (hereinafter *RFC*) questionnaire was completed by a Certified Nurse Practitioner, and certified by a Psychiatrist, who both worked at Mobile Mental Health (Tr. 200-01).  The form indicated that Bryan was markedly limited in maintaining social functioning and responding appropriately to co-workers in a work setting; Plaintiff was moderately limited in all other tasks.

An evaluation was completed by Psychologist Kim M. Zweifler, on October 26, 2006, who noted that Bryan appeared to be

depressed; he was oriented to time, place, and person (Tr. 212-17).  Plaintiff had no confusion, loose associations, or circumstantial thinking; Zweifler found Bryan to have limited insight and judgment.  Plaintiff had average intelligence.  Bryan completed the Minnesota Multiphasic Personality Inventory-2, but the results were not thought to be valid; Zweifler could not say if the invalidity was due to malingering or was, in reality, an appeal for help.  The Psychologist diagnosed Plaintiff to suffer from major depression and thought that he would have a favorable response to treatment within six-to-twelve months.  Zweifler completed a mental medical source opinion form in which she indicated that Bryan was markedly limited in the following tasks: his ability to respond appropriately to customers or other members of the general public; use judgment in detailed or complex work-related decisions; understand, remember, and carry out detailed or complex instructions; maintain attention, concentration, or pace for periods of at least two hours; and maintain social functioning (Tr. 217).  The Psychologist indicated that Plaintiff was moderately limited in all other tasks.

In his determination, the ALJ "assigned great weight to the Psychiatric Review Technique and Mental Residual Functional Capacity Assessment of record completed by Ellen N. Eno, Ph.D." (Tr. 18).  The ALJ also indicated that the RFC questionnaire

completed by the Nurse Practitioner and Psychiatrist was corroborated by the report of Dr. Robinson "which is indicative of moderate symptoms or moderate impairment" (Tr. 24).

Petitioner has claimed that the ALJ erred in giving determinative weight to the opinion of a non-examining physician. The Court first notes that the ALJ is required to "state specifically the weight accorded to each item of evidence and why he reached that decision."  *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).  The Court further notes that the opinion of a nonexamining physician "is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision."  *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990) (citing *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985).

In his determination, the ALJ did not state what weight he gave to the conclusions of Psychologist Zweifler; specifically, the ALJ noted that Zweifler had indicated that Bryan had some marked limitations, but failed to address them.  Furthermore, in characterizing the RFC of the Certified Nurse and Psychiatrist, the ALJ ignored findings that Plaintiff had marked limitations.[2] Instead, the ALJ gave great weight to Eno, a non-examining

---

[2]Additionally, the Court notes that although the ALJ found the RFC to be corroborative of the other evidence (Tr. 24), the ALJ rejected the VE's conclusion that Plaintiff would be unable to work at all based on this RFC (*see* Tr. 27; *cf.* Tr. 267).  The ALJ's conclusions are internally inconsistent.

Psychologist who did not have the benefit of examining either of these reports.  The Court cannot say that the ALJ's conclusions are supported by substantial evidence.

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence.  Therefore, it is **ORDERED** that the action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for the gathering of evidence as to Plaintiff's ability to work in spite of his mental impairments.  Judgment will be entered by separate Order.

DONE this 17th day of November, 2008.

<u>s/BERT W. MILLING, JR.</u>
UNITED STATES MAGISTRATE JUDGE