IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TERRY L. BRYAN, II,                   :
                                      :
     Plaintiff,                       :
                                      :
vs.                                   :     CIVIL ACTION 08-0241-M
                                      :
MICHAEL J. ASTRUE,                    :
Commissioner of                       :
Social Security,                      :
                                      :
     Defendant.                       :

MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Application for

Attorney Fees Under the Equal Access to Justice Act, with

supporting documentation (Doc. 22), and Defendant's Notice of

Intent Not to Object to Plaintiff's Application for Attorney's

Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412

(Doc. 23).  After consideration of the pertinent pleadings, it is

**ORDERED**, without objection, that the Application be **GRANTED** and

that Plaintiff's attorney be **AWARDED** an EAJA attorney's fee in

the amount of $3,745.30[1].

---

[1]In *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509
(11th Cir. 1988), the Court stated: "It is readily apparent that
the party eligible to recover attorneys' fees under the EAJA as
part of its litigation expenses is the prevailing party."  *See
also, Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008) ("We
conclude the EAJA means what it says: attorney's fees are awarded
to the "prevailing party," not to the prevailing party's
attorney.") However, in this action, Plaintiff has assigned his
right to collect EAJA attorney fees to his attorney, as evidenced
by the Limited Power of Attorney attached to Mr. Lassiter's
Application (Doc. 22, Ex. 3).

Plaintiff filed this action on May 7, 2008 (Doc. 1).  On
November 17, 2008, the Court entered a Memorandum Opinion and
Order and Judgment reversing the decision of the Commissioner and
remanding this action for further proceedings not inconsistent
with the Orders of this Court (Docs. 20, 21).  On January 19,
2009, Byron A. Lassiter, counsel for Plaintiff, filed an
Application for Attorney Fees Under the Equal Access to Justice
Act, in which he requests a fee of $3,745.30, computed at an
hourly rate of $174.20 for 21.5 hours spent in this Court (Doc.
22).  Defendant in his Notice filed January 22, 2009, stated that
he does not oppose Plaintiff's Application (Doc. 23).

The EAJA requires a court to

> award to a prevailing party ... fees and
> other expenses ... incurred by that party in
> any civil action ..., including proceedings
> for judicial review of Agency action, brought
> by or against the United States ..., unless
> the court finds that the position of the
> United States was substantially justified or
> that special circumstances make an award
> unjust.

28 U.S.C. § 2412(d)(1)(A).  The EAJA further requires that a
prevailing party file an application for attorney's fees within
thirty days of final judgment in the action.  28 U.S.C. §
2412(d)(1)(B).  The court's judgment is final sixty days after it
is entered, which is the time in which an appeal may be taken
pursuant to Rule 4(a) of the Federal Rules of Appellate
Procedure.  See Shalala v. Schaefer, 509 U.S. 292, 113 S.Ct.

2625, 2632 (1993).

Defendant concedes that Plaintiff became the prevailing party when the Court remanded this action, Schaefer, 113 S.Ct. at 2631 and that the fee application was timely filed; however, he does not concede that his position was not substantially justified (Doc. 23).

The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute. The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"  Watford v. Heckler, 765 F.2d 1562, 1586 (11th Cir. 1985)(EAJA), quoting Hensley v. Eckerhartt, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983)(§ 1988).  In describing this lodestar method of calculation, the United States Supreme Court stated:

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.  The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly.  The district court also should exclude from this initial fee calculation hours that were not "reasonably expended" ....  Cases may be overstaffed, and the skill and experience of lawyers vary widely.  Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude

> such hours from his fee submission.  In the
> private sector, 'billing judgment' is an
> important component in fee setting.  It is no
> less important here.  Hours that are not
> properly billed to one's client also are not
> properly billed to one's adversary pursuant
> to statutory authority.

Hensley, 461 U.S. at 434 (citations omitted).  Counsel must use

professional judgment in billing under EAJA.  A lawyer should

only be compensated for hours spent on activities for which he

would bill a client of means who was seriously intent on

vindicating similar rights.  Norman v. Housing Authority, 836

F.2d 1292, 1301 (11th Cir. 1988).

The Court, after examination of Mr. Lassiter's Application

and supporting documentation, and after consideration of the

reasonableness of the hours claimed, finds that the time expended

in prosecuting this action for a total of 21.5 hours is

reasonable.

With respect to a determination of the hourly rate to apply

in a given EAJA case, the express language of the Act provides in

pertinent part as follows:

> The amount of fees awarded under this
> subsection shall be based upon prevailing
> market rates for the kind and quality of the
> services furnished, except that ... attorney
> fees shall not be awarded in excess of $125
> per hour unless the court determines that an
> increase in the cost of living or a special
> factor, such as the limited availability of
> qualified attorneys for the proceedings
> involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(Supp. 1997).

In Meyer v. Sullivan, 958 F.2d 1029 (11th Cir. 1992), the

Eleventh Circuit determined that the EAJA establishes a two-step

analysis for determining the appropriate hourly rate to be

applied in calculating attorney's fees under the Act.

> The first step in the analysis, ... is to
> determine the market rate for "similar
> services [provided] by lawyers of reasonably
> comparable skills, experience, and
> reputation."  ...  The second step, which is
> needed only if the market rate is greater
> than $75 per hour, is to determine whether
> the court should adjust the hourly fee
> upward...to take into account an increase in
> the cost of living, or a special factor.

Id. at 1033-34 (citations omitted & footnote omitted)[2].  The

applicant bears the burden of producing satisfactory evidence

that the requested rate is in line with prevailing market rates.

NAACP v. City of Evergreen, 812 F.2d 1332, 1338 (11th Cir. 1987).

Satisfactory evidence at a minimum is more than the affidavit of

the attorney performing the work.  Blum v. Stenson, 465 U.S. 886,

104 S.Ct. 1541, 1547 n.11 (1984).  Where the fees or time claimed

seem expanded or there is lack of documentation or testimony in

support, the court may make an award on its own experience.

Norman v. City of Montgomery, 836 F.2d 1292, 1303 (11th Cir.

1988).  Where documentation is inadequate, the court is not

relieved of its obligation to award a reasonable fee, but the

---

[2] Subsequent to Meyer, the cap was raised from $75.00 per hour to
$125.00 per hour, as set out above in 28 U.S.C. § 2412(d)(2)(A)(Supp.
1997).

court traditionally has had the power to make such an award
without the need of further pleadings or an evidentiary hearing.
Id.

For years, the prevailing market rate in the Southern
District of Alabama has been $125.00 per hour.  See e.g., Smith
v. Massanari, Civil Action 00-0812-P-M (October 25, 2001); Boone
v. Apfel, Civil Action 99-0965-CB-L (August 30, 2001); Lee v.
Massanari, Civil Action 00-0518-RV-S (June 29, 2001); Willits v.
Massanari, Civil Action 00-0530-RV-C (May 4, 2001); and Square v.
Halter, Civil Action 00-0516-BH-L (April 12, 2001).  Recently, in
an action before Judge Cassady, that rate was increased to
account for the ever-increasing cost of living.  Lucy v.
Barnhart, CA 06-0147-C.  In Lucy, the Court adopted the following
formula to be used in calculating all future awards of attorney's
fees under the EAJA: "'($125/hour) x (CPI-U Annual Average "All
Items Index", South Urban, for month and year of temporal
midpoint[3])/152.4, where 152.4 equals the CPI-U of March 1996, the
month and year in which the $125 cap was enacted.'" (Id. At 11,
quoting Doc. 31, at 2).  The undersigned agrees with Judge
Cassady that the time has come to adjust the hourly rate and also

---

[3]"The appropriate endpoint for computing the cost of living
adjustment is the temporal midpoint of the period during which
the compensable services were rendered[;] ... [t]he temporal
midpoint is calculated by computing the number of days from the
date the claim was prepared until the date of the Magistrate or
District Judge's Order and Judgment."  Lucy v. Barnhart, CA 06-
0147-C, Doc. 31, at 3.

adopts this formula in this and future actions in arriving at the appropriate hourly rate.

The temporal midpoint in this action was August 12, 2008, the complaint having been filed on May 7, 2008 (Doc. 1), and the Court having entered its Order and Judgment on November 17, 2008 (Docs. 20, 21).   The CPI-U for August 2008 was 212.387. Plugging the relevant numbers into the foregoing formula renders the following equation: $125.00 x 212.387/152.4.   Completion of this equation renders an hourly rate of $174.20.

In conclusion, it is **ORDERED**, without objection, that Plaintiff's Application be **GRANTED** as set out above and that Plaintiff's attorney be **AWARDED** an EAJA attorney's fee in the amount of $3,745.30.

DONE this 2nd day of February, 2009.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE